# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| MultiTracks.com, LLC, a Texas limited liability company, | |
| Plaintiff, | COMPLAINT FOR INJUNCTIVE RELIEF |
| v. | |
| Omnisonic Media Group LLC, an Illinois limited liability company, d/b/a Loop Community | Case No.: 1:24-cv-220 |
| Defendant. | |

## COMPLAINT

For its Complaint against Omnisonic Media Group LLC, d/b/a Loop Community, plaintiff MultiTracks.com, LLC alleges as follows:

## PARTIES

1. MultiTracks.com, LLC ("MultiTracks") is a Texas limited liability company with its principal place of business in Austin, Texas.

2. Omnisonic Media Group, LLC is an Illinois limited liability company that does business under the fictitious name "Loop Community," and offers goods and services in direct competition with MultiTracks using the domain name Loopcommunity.com.

1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this Complaint pursuant to 15 U.S.C. §1125 and 28 U.S.C. § 1331.

4. This Court has subject matter over Defendant because it has purposefully directed commercial activity toward residents of Texas. Moreover, because Plaintiff is domiciled in Texas, and Defendant has purposefully and intentionally engaged in tortious conduct with the intent to harm Plaintiff, Defendant's activities complained of herein should be deemed to have been expressly aimed at Texas.

5. Furthermore, Defendant offers its goods and services through a commercial, interactive website found at www.loopcommunity.com (the "Website"). To be sure, upon information and belief, the only way in which consumers in the State of Texas may consider and purchase Defendant's goods and services is through its interactive Website. (*See* Exemplar of Website's "Shop" landing page, attached hereto as **Exhibit A**).

6. Upon information and belief, residents of Texas have purchased goods and services from Defendant's Website.

7. Accordingly, Defendant has purposefully availed itself of the jurisdiction of this Court.

## FACTS

8. In or around November 2021, MultiTracks appropriated and began using in commerce the trademark "CHART PRO" in connection with the sale of downloadable electronic chord charts and downloadable electric custom chord charts for use by places of worship and others.

9. Plaintiff has used the CHART PRO trademark continuously in connection with the sale of such goods and services since its appropriation in commerce.

10. On or around December 21, 2023, Plaintiff filed an application with the United States Patent and Trademark Office, which has been given Serial Number 98327173, to seek to have the CHART PRO trademark registered on the Principal Register of the United States Patent and Trademark Office.

11. Plaintiff's use of its CHART PRO trademark in connection with the advertising and sale of the subject goods and services has been successful; and consumers in the relevant marketplace have come to associate the CHART PRO trademark with Plaintiff.

12. Defendant is one of Plaintiff's primary competitors.

13. Upon information and belief, in or around December 2023, Defendant appropriated for use in commerce the mark "CHARTS PRO" in connection with the sale of exactly the same goods and services as those offered by Plaintiff under the CHART PRO trademark. To be sure, Defendant is using a virtually identical trademark to offer for sale the exact same goods or services to consumers in precisely the same market for those goods or services at which Plaintiff has directed its CHART PRO trademark for more than two years.

14. Upon information and belief, Defendant has appropriated for use in commerce its CHARTS PRO mark in bad faith and with the willful intent to infringe upon Plaintiff's CHARTS PRO trademark, and to attempt to pirate the customers of Plaintiff.

## CAUSE OF ACTION

## FIRST CLAIM

### (Federal Unfair Competition/Violation of 15 U.S.C. § 1125)

15. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

16. Defendant's use of the CHARTS PRO trademark is likely to cause confusion among the relevant market participants for Plaintiff's goods and services.

17. Indeed, the use by Defendant of a virtually identical trademark creates a likelihood of confusion by ultimate purchasers as to both the source and sponsorship of the goods and services offered.

18. The acts of Defendant complained of herein constitute a violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), in that Defendant's use of the CHARTS PRO trademark constitutes false designation of origin and unfair competition.

19. Plaintiff has no complete adequate remedy at law. If Defendant's activities are not enjoined, Plaintiff will continue to suffer irreparable harm and injury to its goodwill and reputation.

20. Upon information and belief, Defendant has appropriated for use the infringing mark willfully and with the intent to harm Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff respectfully requests that the Court enter judgment in its favor and against Defendant as follows:

A.  Preliminarily and permanently enjoining Defendant from using the mark "CHARTS PRO" or any confusingly similar mark to offer goods and services in competition with Plaintiff;

B.  Awarding Plaintiff its reasonable attorneys' fees and costs; and

C.  Awarding Plaintiff any other relief the Court deems appropriate.

Respectfully submitted,

_____
John R. Nelson
State Bar No. 00797144
Jordan Garsson
State Bar No. 24131326
DICKINSON WRIGHT PLLC
607 West Third Street, Suite 2500
Austin, Texas 78701
(512) 770-4200 (Telephone)
(844) 670-6009 (Facsimile)
jnelson@dickinsonwright.com
jgarsson@dickinsonwright.com

Scot L. Claus
(*pro hac vice forthcoming*)
AZ Bar No. 14999
DICKINSON WRIGHT PLLC
1850 N. Central Avenue, Suite 1400
Phoenix, Arizona 85004
(602)285-5000 (Telephone)
(844) 670-6009 (Facsimile)
sclaus@dickinsonwright.com

**ATTORNEYS FOR PLAINTIFF
MULTITRACKS.COM, LLC**